DECIDED SEPTEMBER 30, 1929.

*Oliver C. Hancock,* for plaintiff in error.

*George & John L. Westmoreland,* for defendant.

### 19186. O'DANIEL v. MACON NATIONAL BANK.

STEPHENS, J. 1. A person in possession of a negotiable promissory note which he has acquired for value from the payee therein named, and without having obtained the payee's indorsement thereon, nevertheless has a right to the indorsement and to the title to the note. He therefore has such a right in the note as entitles him to be paid the indebtedness represented thereby, and can therefore make a valid contract in renewal of the debt by the acceptance by him from the debtor, the maker of the note, of a new note as evidence of the indebtedness, payable to himself. Neg. Inst. Law, § 49; Ga. L. 1924, p. 126; Park's Code Supp. 1926, § 4271(20); Michie's Code, § 4294(49).

2. Where the maker of promissory notes which are secured by a deed to real estate executes for the same debt new notes to another person who has purchased and received possession of the original notes from their payee, but who has not taken a written transfer or indorsement thereof, but who nevertheless has acquired the right to the legal title to the notes and the indebtedness represented thereby, and where the maker of the new notes executes to their payee a new deed to secure debt upon the same property as security for their payment, and although the

original deed to secure debt securing the original notes has not been transferred to the payee of the new notes, and where the old notes are not surrendered to the maker, but where the original deed to secure debt securing the original notes is not canceled, and where the intention of the parties in the execution of the new notes is not to pay the indebtedness represented by the old notes and secured by the original deed to secure debt, but is merely to renew the original debt and to preserve the security represented by the original deed to secure debt, the transaction is not a novation, but amounts only to a renewal of the original debt without a cancellation of its security.

3. Where, between the creation of the lien upon the property arising by virtue of the execution of the first deed to secure debt and the execution of the second deed to secure the debt evidenced by the notes given in renewal, the debtor executed a deed to the same property to secure a debt to a stranger, in which the lien created thereby was expressly made subject to the first deed to secure debt then outstanding, this new deed to secure debt executed to the stranger does not, by virtue of its antedating the second deed to secure debt which was given by the debtor to the transferee of the original notes when executing the renewal notes, rank as the oldest outstanding lien against the property. It is subject to the outstanding existing lien represented by the original first executed deed to secure debt, given as security for the original notes, and which still remains uncanceled and unsatisfied. In a contest between the two lienholders, who constitute the debtor holding the renewal notes and the stranger, over funds derived from the sale of the property upon which both hold liens, the former lienholder must prevail. The court properly found for this lienholder who was the defendant.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 30, 1929.

*Jones, Jones & Johnston,* for plaintiff.
*Ryals, Anderson & Anderson,* for defendant.